PENDERGAST et al, Respondents, v. MUNS, Appellant.

(222 N. W. 607.)

(File No. 6306.   Opinion filed December 31, 1928.)

*Muller, Conway, Feder & Conway,* of Sioux Falls, for Appellant.

*Lynch & Doyle* and *Eugene C. Mahoney,* all of Sioux Falls, for Respondents.

BROWN, J.    On February 10, 1920, Rose Pendergast made a contract with appellant, Muns, to sell and convey to him a quarter section of land in Lyon county, Minn.    By the terms of the contract, $2,000 was paid at the time of its execution and $8,400 was paid on March 10, on which date deed was to be given and a note secured by mortgage on the land was to be given for $10,400, due in five years from date, with interest at 5½ per cent per annum payable annually, subject to a first mortgage then on the land for $24,800.    At the request of Muns, the deed from Mrs. Pendergast was executed to his two daughters, Ruth M. Dorn and Iva E. Ingraim, as grantees, and it was agreed that they and their husbands should execute the note and mortgage for $10,400 due in five years, but, as none of them were present, Muns gave Mrs. Pendergast his unsecured note for $10,400 due on demand, with interest at 8 per cent, containing this clause in writing:

"This note is given in lieu of a note and mtg. for like amt. to be signed by Ruth M. Dorn & husband and Iva E. Ingraim and husband and it is understood that this note is to be cancelled & returned to Ed Muns upon receipt of the above note and mtg."

This transaction took place in the Savings Bank at Larchwood, Iowa, and the cashier of that bank testified that he suggested to Mrs. Pendergast that the deed be not delivered until she got the note and mortgage from the Dorns and Ingraims, but Mrs. Pendergast said that she had known Muns for years, and his note was as good as gold, and Muns said that the note and mortgage from the Dorns and Ingraims would be delivered within 30 days at the Savings Bank at Larchwood.

The Dorns and Ingraims executed the note and mortgage within a few days after March 10, but, for some reason which does not appear in the record, these papers were not transmitted for delivery until some time in October, 1920, when they were sent to the First National Bank at Rock Rapids, which was an associate

bank of the Savings Bank at Larchwood. In the meantime Mrs. Pendergast had died, about the 23d of June, 1920, and the respondents herein had qualified as executors of her estate and had commenced an action against Muns and the Dorns and Ingraims in the district court of Lyon county, Minn., to cancel the contract and the conveyance to Ruth M. Dorn and Iva E. Ingraim. The record does not show any final disposition of that action, and, for anything that appears, it is still pending.

In October, 1920, the fact that the note and mortgage of the Dorns and Ingraims were in the bank at Rock Rapids for delivery came to the notice of H. B. Pierce, an attorney who was agent for the executors and authorized to represent them in the transaction. He testified that he refused to accept the note and mortgage unless defendants in the action in Lyon county, Minn., should pay the costs so far incurred in that action. On March 7, 1921, the note and mortgage were again sent to the First National Bank at Rock Rapids by Mr. Hall, an attorney representing the Dorns and Ingraims, with a stipulation for the dismissal of the action in Minnesota and instructions to turn the note and mortgage over to Mr. Pierce on his signing the stipulation. On March 17 Pierce replied that, on receipt of a year's interest at 5½ per cent, which had now accrued on the note and mortgage, and the costs in the case pending in Lyon county, Minn., he would accept the note and mortgage and dismiss the action; otherwise he would proceed with the action to completion, asking for judgment against Muns, as well as other defendants, and "for forfeiture of the Muns contract and immediate restoration of the land to ourselves." Nothing further seems to have been done until July 28, 1924, when the bank at Rock Rapids returned the Dorn and Ingraim note and mortgage to Mr. Hall, and in August, 1925, the present action was commenced to recover on the demand note for $10,400, with interest at 8 per cent, executed by Muns to Mrs. Pendergast on March 10, 1920. The trial was to the court without a jury, and, from a judgment on findings in favor of plaintiff and from an order denying a new trial, defendant appeals.

Respondents take the position that the contract between Mrs. Pendergast and Muns for the purchase of the land was fully executed by both parties thereto; they say that the conveyance to Muns' daughters, at his request, was as much a performance on

the part of Mrs. Pendergast as if the deed had been made to Muns himself. This is true. They likewise contend that Muns had fully completed and carried out the agreement on his part by the execution and delivery of the note in suit, that Mrs. Pendergast took this demand note with 8 per cent interest, unsecured, instead of a note for the same amount due in 5 years, with interest at $5\frac{1}{2}$ per cent, provided for in the contract, and that she agreed that, if the note and mortgage of the Dorns and Ingraims were subsequently delivered within the agreed time, she would return Muns' note to him. We are not prepared to say that this is a correct interpretation of the purpose and effect of the giving of the note in suit by Muns, but respondents cannot complain if their rights are measured by their own rule. If, as they contend, the contract was fully executed on both sides, they had no ground whatever for the commencement of the action in Lyon county, Minn., to cancel that contract and the conveyance that had been made by Mrs. Pendergast thereunder. If the note sued on was taken by Mrs. Pendergast in lieu of the note and mortgage due in 5 years, with interest at $5\frac{1}{2}$ per cent, respondents' only remedy was an action on the unsecured note, provided such action were begun before they were obligated to take the note and mortgage of the Dorns and Ingraims in lieu thereof. Long before they commenced the present action, the note and mortgage of the Dorns and Ingraims had been tendered. Pierce says that his only reason for refusing to accept was because the costs in the Minnesota action were not paid. He says that in the fall of 1920 he made the payment of costs the only condition, but in the spring of 1921 he demanded payment of the costs and one year's interest on the note, and adds:

"I was ready to accept the papers at any time when those conditions were complied with, and was authorized by the executors to accept them upon those conditions."

As has been stated, upon their own contention on this appeal, they had no legal ground for their action in Minnesota and therefore had no right to any costs, and the refusal to accept the note and mortgage of the Dorns and Ingraims on that ground was not justified. The tender of that note and mortgage was therefore sufficient, and the note of Muns should have been returned to him.

██ Respondents contend that the Dorn-Ingraim note and mortgage were not tendered within a reasonable time, and the

court so found: but no objection was ever made that the tender of that note and mortgage was not made in sufficient time, and Mr. Pierce testified that he was ready to accept that note and mortgage at the time they were tendered if the costs had been paid in the suit pending in Lyon County, Minn., and that he was authorized to so accept. We do not think that a court is authorized to say that a time that is satisfactory to the parties concerned is an unreasonable time. If the parties interested are content with the time of a tender, it cannot be said that the tender is not made within a reasonable time.

It is further contended that a tender must be unconditional, and that the tender of the Dorn-Ingraim note and mortgage was insufficient because attached thereto was a stipulation for the dismissal of the action in Minnesota. But it is not quite accurate to say that a tender must be unconditional.

"An offer of performance must be free from any condition which the creditor is not bound on his part to perform." Rev. Code, § 767.

The dismissal of the action in Minnesota was a condition which respondents were bound to perform. The contract provided that, concurrent with the giving of the note for $10,400, due in 5 years, with interest at 5½ per cent, payable annually, Mrs. Pendergast would convey the premises by warranty deed, with an abstract "showing perfect title free and clear from all incumbrances whatsoever, except a first mortgage for $24,800, due March 1, 1930." The action in Minnesota, demanding a cancellation of the conveyance, was a cloud on the title, if not an incumbrance, and until it was dismissed the grantees in that deed would not have a perfect title, free and clear from all incumbrances whatsoever, except a mortgage for $24,800. In asking for the dismissal of that action as a condition of delivering their note and mortgage, they were not imposing any condition which respondents were not bound to perform.

Judgment and order appealed from are reversed.

BURCH, P. J., and POLLEY, SHERWOOD, and CAMPBELL, JJ., concur.